United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Brian A. Gonzalez, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-21597-Civ-Scola |
| | ) |
| Made in Italy Wynwood LLC, and | ) |
| Lucia Marinelli, Defendants. | ) |

### Order on Partial Motion to Dismiss

This matter is before the Court upon the Defendants' motion to dismiss Counts IV and V of the Plaintiff's complaint. (Mot. Dismiss, ECF No. 12.) The Plaintiff has responded. (Resp., ECF No. 19.) The Defendants have replied in support of their motion. (Reply, ECF No. 20.) For the reasons stated below, the Court **grants** the Defendants' motion. (**ECF No. 12**.)

### 1. Background

The Plaintiff, Brian A. Gonzalez, was an employee of Defendant corporation, Made in Italy Wynwood LLC ("Made in Italy"), which is owned and managed by Defendant Lucia Marinelli. (Compl. ¶ 4, ECF No. 1.) The complaint states that Mr. Gonzalez was employed by the Defendants as a cook for a period of four weeks from approximately March 4, 2023, to March 31, 2023. (*Id.* ¶ 10.) Mr. Gonzalez alleges that although he worked a total of eighty-eight hours per week, a fact that the Defendants knew, he was not paid overtime wages as required by federal law. (*Id.* ¶¶ 14, 16.) Additionally, Mr. Gonzalez asserts that he received untimely, partial payments via Zelle, without receiving paystubs detailing his hours worked, wage rate, or taxes withheld. (*Id.* ¶¶ 15, 20.) After complaining to Ms. Marinelli several times about untimely and unpaid wages, Mr. Gonzalez was fired on or about March 31, 2023. (*Id.* ¶¶ 22-23.)  At the time of his termination, Mr. Gonzalez did not receive his back wages. (*Id.* ¶25.)

Based on these allegations, Mr. Gonzalez asserts five causes of action against the Defendants. The first three counts are violations of the Fair Labor Standards Act ("FLSA"): failure to pay overtime (Count I), failure to pay minimum wage (Count II), and retaliatory discharge (Count III). The additional counts, unpaid wages (Count IV) and breach of employment (Count V), are state common law claims.

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need

only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

The complaint alleges that during his four-week employment with Defendants, Mr. Gonzalez consistently worked eighty-eight hours per week and never received overtime pay. (Compl. ¶¶ 38-39, ECF No. 1.) Count I asserts the Defendants' failure to pay overtime as a violation of the FLSA. (*Id.* ¶ 32.) Count II alleges a second FLSA violation based on the Defendants' failure to pay Mr. Gonzalez minimum wage. (*Id.* ¶ 59.) Finally, also pursuant to the FLSA, Count III claims retaliatory discharge based on Mr. Gonzalez's termination after he complained to Ms. Marinelli on several occasions about receiving partial and incomplete payments without paystubs. (*Id.* ¶¶ 86-89.) Mr. Gonzalez incorporates by reference all of the facts underlying these FLSA claims (Count I, II, and III) into his claims for unpaid wages (Count IV) and breach of employment contract (Count V). (*See id.* ¶¶ 100-105, 114-117.)

Section 216 of the Fair Labor Standards Act "is the exclusive remedy for enforcing rights created" under the FLSA. *Belmonte v. Creative Props., Inc.*, No. 19-61438-Civ, 2019 WL 5063832, at *2 (S.D. Fla. Oct. 8, 2019) (Moreno, J.). Accordingly, when "a plaintiff's state law claims are merely the FLSA claims recast in state law terms, those state law claims are preempted by the FLSA." *Id.* Courts routinely dismiss such "duplicative state law claims where they rely on proof of the same facts." *See, e.g., id.* In *Bule v. Garda CL Southeast, Inc.*, plaintiff's state law claims were dismissed where the court found "a plain reading of Plaintiff's state law claims reveal they are all, without a doubt, dependent on a finding of the same violations of the FLSA." No. 14-21898-Civ, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) (Moreno, J.). Similarly, in *Munera v. Tops Kitchen Cabinet & Granite LLC*, this Court found *Belmonte* and *Bule* instructive, dismissing the plaintiff's state law claims because they merely recast her FLSA claim. No. 21-20619-CIV, 2021 WL 1700374, at *2 (S.D. Fla. Apr. 29, 2021) (Scola, J.).

Accordingly, the Court finds that based on a plain reading of the complaint, Mr. Gonzalez's state law claims are based on the same facts that provide the basis of his FLSA claims. Because the FLSA is the exclusive remedy for the harm complained of, the Court finds that Counts IV and V of the complaint are due to be dismissed.

### 4. Conclusion

Based on the foregoing, the Court **grants** the Defendants' motion to dismiss Counts IV and V of the Plaintiff's complaint. (**ECF No. 12**.) This case shall remain open as Counts I, II, and III of the Plaintiffs' complaint remain at issue between the Plaintiff and the Defendants.

**Done and ordered** at Miami, Florida, on July 14, 2023.

_____
Robert N. Scola, Jr.
United States District Judge